UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Jonathan Ranfeil Jimenez,
Martin Dejesus Reyes Maria, and
Mayobanex Reyes,

*Defendants.*

**Protective Order**

**19 Cr. 856**

Upon the application of the United States of America, with the consent of the undersigned defendants and their counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects, and information pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by counsel to the defendants for review in the presence of defense counsel for purposes related to this case. The defendants shall not maintain, retain, or keep copies of any records containing disclosure material outside the offices of defense counsel. The defendants shall not make or retain any notes that include disclosure material outside the offices of defense counsel. Disclosure material may also be disclosed to the following persons (hereinafter "Designated Persons"):

> (a) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendants' attorneys;
>
> (b) independent expert witnesses, investigators or advisors retained by the defendants' attorneys in connection with this action; and
>
> (c) such other persons as hereafter may be authorized by the Court upon such motion by the defendants.

6. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose disclosure material pursuant to paragraphs 5(a), (b), and (c),

Designated Persons shall be subject to the terms of this Order. Defense counsel shall make reasonable efforts to maintain a record of what information has been disclosed to such persons.

7. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any motion, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Return or Destruction of Material

9. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

### Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: White Plains, New York
     December _____, 2019

1/21/20

_____
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: ___/s/_____          Date:  December 23, 2019
    Jim Ligtenberg
    Assistant United States Attorney

_____          Date:  _____
Barry Goldberg, Esq.
Counsel for Jonathan Ranfeil Jimenez

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: ___/s/_____          Date:  December 23, 2019
    Jim Ligtenberg
    Assistant United States Attorney


_____          Date:  _____
Benjamin Gold, Esq.
Counsel for Martin Dejesus Reyes Maria

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: __/s/_____          Date: December 23, 2019

Jim Ligtenberg
Assistant United States Attorney

_____          Date: 12/23/19

Brian Kaplan, Esq.
Counsel for Mayobanex Reyes